(48 Misc. Rep. 501.)

### LASHINSKY v. SILVERMAN et al.

(Supreme Court, Appellate Term. November 24, 1905.)

CONTRACTS—SUBSTANTIAL PERFORMANCE—EVIDENCE.
    Plaintiff, who had agreed to do all the carpenter work on the alterations of defendant's buildings for $2,100, sued for a balance on the contract, and recovered $300 and $492 for extra work. It appeared that he had failed to do 25 per cent. of the work, and asserted a claim of $150 for the cutting of certain beams, and for other things covered by the contract. *Held*, that the judgment could not be sustained.

Appeal from City Court of New York.

Action by Solomon Lashinsky against Clementine M. Silverman and others. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Aigued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

J. Charles Weschsler, for appellants.
Henry Salant, for respondent.

MacLEAN, J.   The plaintiff undertook in writing with the defendant first named to "provide all the materials and perform all the work, for the carpenter work   *   *   *   all the carpenter work to be done in" the alteration of certain buildings the defendants owned or were interested in for $2,100.   Claiming to have fulfilled substantially all of his undertaking, the plaintiff brought this action, and has recovered judgment for a balance of $300 on the agreement, and $492 besides for extra work. These sums are not supported sufficiently by his proof, which fails to show substantial performance of his undertaking.   He agreed, for example, to, but did not, alter all the closet partitions between the dining rooms and kitchens, fill up door openings to dining rooms, cut new openings in kitchens, and furnish new doors, trim and hardware.   As excuse for nonperformance, he offered the assertion : "My agreement specifies distinctly that I shouldn't do it," although there was for it only the provision, "the ice box partition is not to be removed."   Again he said :   "I did not do those new doors; that was excepted from my contract."   The contract shows no such exception.   Of 16 new wardrobes, he put in but 2, a substantial omission, amounting to 10 per cent. of his whole undertaking, according to testimony, not contradicted, that the wardrobes, of rather elaborate fashion and fittings, were worth $15 apiece.   For another omission, one equaling 15 per cent. of the contract price, he claimed verbal authorization from Mr. Silverman, who denied it, and who was plausibly supported by the architect and by defendant's son.   Turning to the claims for extra work :   Possibly to avoid the call "each man to his trade," it was provided, as noted above, that the plaintiff should "do all the carpenter work to be done," but he asserted a claim of $150 for the cutting of the beams, called "headering," with other items for other things covered, at least, in part, by his agreement and undertaking.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.   All concur.