### GOMPERT v. HEALY.

(Supreme Court, Appellate Division, Second Department. February 2, 1912.)

CONTRACTS (§ 295\*)—"SUBSTANTIAL PERFORMANCE"—ACTS CONSTITUTING.

> Substantial performance by one employed to supervise the erection of a building on plans prepared by him. essential to recover the contract price under an allegation of entire performance, means performance, and the deviations permitted must be unimportant and inadvertent, and a finding of substantial damages of nearly 25 per cent. of the contract price for his failure to perform, resulting from his permitting the installation of a plumbing system deviating in essential particulars from the plans, precludes a recovery.

> [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1353, 1356, 1362; Dec. Dig. § 295.\*

> For other definitions, see Words and Phrases, vol. 7, p. 6739.]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by William H. Gompert against Patrick J. Healy. From a judgment for plaintiff, rendered on the verdict of a jury, defendant appeals. Reversed, and new trial ordered.

See, also, 131 N. Y. Supp. 1117.

---

Argued before JENKS, P. J., and HIRSCHBERG, BURR, CARR, and RICH, JJ.

Humphrey J. Lynch, for appellant.
Robert S. Kristeller, for respondent.

HIRSCHBERG, J.   The plaintiff has recovered judgment in an action brought for services rendered in the supervision of the erection of a house for the defendant upon plans prepared by the plaintiff.   The contract was an entire one, and entitled the plaintiff to the sum of 10 per cent. upon the cost of the dwelling.   The 10 per cent. amounted to the sum of $780, and one-half of this sum had been paid to the plaintiff before the action was brought.   The action was brought to recover the balance of $390, and the verdict of the jury was reached by deducting the sum of $190 for damages occasioned by failure of performance on the part of the plaintiff in permitting a plumbing system to be installed which deviated in many essential particulars from those required by the plans and specifications.

The action is brought on an allegation of entire performance, and as the learned counsel for the respondent states in his brief:

"The only material question of law involved is whether there was a substantial performance of the contract sufficient to have permitted a recovery upon an allegation of performance of the contract."

It seems quite clear that this question of law must be resolved against the contention of the respondent.   Substantial performance is performance; the deviations permitted being minor, unimportant, inadvertent, and unintentional.   In 'this case, by the verdict of the jury it has been decided that the omissions were substantial, being sufficient to deprive the plaintiff of a right to recover nearly 25 per cent. of the contract price.   In Lashinsky v. Silverman, 48 Misc. Rep. 501, 96 N. Y. Supp. 135, it was held by the Appellate Term that, where a contractor had failed to comply with the terms of his agreement to an extent represented by 10 per cent. in some particulars and 15 per cent. in others, he had failed to show substantial performance of his undertaking and could not recover.   In Ketchum v. Herrington, 18 N. Y. Supp. 429,[1] it was held that defects in construction which would exceed one-third of the contract price were inconsistent with a finding of substantial performance, and would not support a conclusion that the plaintiff was entitled to recover.   To the same effect is the case of Spence v. Ham, 27 App. Div. 379, 50 N. Y. Supp. 960, affirmed 163 N. Y. 220, 57 N. E. 412, 51 L. R. A. 238.

The judgment must be reversed.

Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event.   All concur.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 63 Hun, 636.