WILLIAM L. CRAMER, Respondent, *v.* ANNA M. ESSWEIN and Others, Appellants.

Second Department, March 18, 1927.

Contracts — building contract — action by contractor to foreclose mechanic's lien — substantial performance not shown — contractor cannot recover.

A building contractor cannot recover in an action to foreclose a mechanic's lien where it appears that he failed to comply with his contract in that he did not install a radiator in the bathroom and left that room without any provision for heat; that contrary to the agreement he installed a second-hand bathtub and

wash basin and willfully removed the doors and other fixtures from the furnaces. The doctrine of substantial performance has no application where there is an intentional and willful departure from the contract.

APPEAL by the defendants, Anna M. Esswein and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Nassau on the 31st day of December, 1926, upon the decision of the court rendered after a trial at the Nassau Special Term.

*Clinton M. Flint*, for the appellants.

*Harry G. Clock*, for the respondent.

PER CURIAM. The evidence shows that plaintiff did not substantially perform his contract. Although the contract required that he install eight radiators, he installed only seven, leaving the bathroom without any provision for heat. He also, contrary to the agreement, installed a second-hand bathtub and wash basin; and he willfully removed the doors and other fixtures from the furnace. The doctrine of substantial performance has no application where there is an intentional, deliberate and willful departure from the contract. (*Bullinger* v. *Interboro Brewing Co., Inc.*, 194 App. Div. 205.) " Substantial performance is performance, the deviations permitted being minor, unimportant, inadvertent and unintentional." (*Gompert* v. *Healy*, 149 App. Div. 198; *Mitchell* v. *Dunmore Realty Co.*, 126 id. 829. See, also, Ray Mechanics' Liens & General Contracting, § 31.)

The judgment should be reversed upon the law and the facts, with costs, and the complaint dismissed, with costs. Findings and conclusions of the Special Term at variance with this opinion are reversed, and this court makes new findings to be prepared and submitted in accordance with this decision.

KELLY, P. J., MANNING, YOUNG, LAZANSKY and HAGARTY, JJ., concur.

Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs. Findings and conclusions of the Special Term at variance with the opinion are reversed, and this court makes new findings, to be prepared and submitted in accordance with this decision. Settle order on notice.