■ GIFFORD CONSTRUCTION COMPANY, Respondent, v LEVER MANAGEMENT CORP., Appellant. — In an action, *inter alia,* on a contract, defendant appeals from so much of a judgment of the Supreme Court, Suffolk County, entered May 22, 1979, as, after a nonjury trial, awarded plaintiff judgment in the total sum of $24,344.83 and dismissed defendant's counterclaims. Judgment modified, on the law and the facts, by deleting from the second decretal paragraph the words "and is entitled to dismissal of the defendant's counter-claim; and plaintiff is entitled to $357.50 costs and disbursements as taxed making a total sum of $24,344.83" and adding thereto the following provision: "and plaintiff is entitled to dismissal of defendant's second counterclaim. Defendant is entitled to judgment on its first and third counterclaim." As so modified, judgment affirmed insofar as appealed from, with costs to defendant, and the matter is remitted to Trial Term for determination of the amount to be awarded defendant on its first and third counterclaims. In May of 1975 the parties entered into a contract in which plaintiff agreed to perform excavation, paving and grading of a certain roadway in Roosevelt Field in Garden City, New York. In the contract, plaintiff acknowledged that it had "satisfied" itself as to "site and soil conditions" and agreed, *inter alia,* to subgrade the roadbed and to remove soft material. It also "unconditionally" guaranteed "all materials and workmanship against defects due to faulty or improper workmanship and materials and against injury from usual wear * * * for one years *[sic]* from the date of final payment." Plaintiff completed its work in November, 1975 and almost immediately the road developed potholes and required repair. After making some repairs, plaintiff refused to make any more, causing the defendant to commission engineering reports to determine the cause of the problem, hire another contractor to make repairs and ultimately to withhold its final payment to plaintiff, amounting to $27,827.42. In a letter dated July 15, 1976, defendant demanded that plaintiff pay the cost of the repairs, but offered to set off the final payment which it had withheld from plaintiff. Plaintiff then commenced the instant action for the $27,827.42 plus an additional $3,918.25 for repair work performed. Defendant interposed three counterclaims for (1) the cost of the repairs, (2) the amount paid to plaintiff pursuant to the contract, and (3) legal fees pursuant to a term of the contract requiring plaintiff to pay legal fees incurred as a result of its nonperformance. At a nonjury trial, both parties introduced evidence that the potholes were caused by the collapse of clay and loam under the asphalt. The contractor, which ultimately performed the repairs for the defendant, removed the clay and loam and replaced it with suitable material. Plaintiff contended that the road collapsed because defendant's specifications did not provide for a layer of asphalt thick enough to sustain the volume of traffic. It also blamed the collapse on unusual weather conditions and the fact that water had gotten under the curbing and under the pavement due to

improper backfilling of areas adjacent to the road performed by others. The trial court concluded that "based on all the credible evidence * * * plaintiff substantially complied with the provisions of the contract and is entitled to recover the value of the work, labor and services performed under the contract" and awarded judgment for the portion of the contract price which defendant withheld and dismissed all of defendant's counterclaims. We do not believe the record supports these conclusions. When a party has substantially but not fully performed the terms of a contract, it is entitled to the amount due under the contract, less the cost of correction of the defects in performance, if those defects are remediable (see *Sosnow v Paul,* 36 NY2d 780; *Jacobs & Youngs v Kent,* 230 NY 239). In asserting that plaintiff "substantially complied" with its obligations, the trial court seems to have indicated that plaintiff had substantially performed; analysis of the courts findings, however, suggests that it actually found that plaintiff had fully complied with the contract. We cannot agree that a newly constructed road which breaks up shortly after completion reflects either full or substantial performance. Furthermore, we believe that the record supports defendant's theory that the defects in the road were primarily caused by plaintiff's failure to remove clay and loam and replace it with proper material when the roadbed was subgraded. Since plaintiff was responsible for this subgrading and guaranteed its roadwork for one year, the breakup demonstrates its failure to perform as required. Accordingly, the defendant is entitled to judgment on its first counterclaim and for the costs of the repairs. Since the cost of such repairs is unclear from the record (there are three differing amounts), there should be a remand for an evidentiary hearing on those costs and the amount due for legal fees. Lazer, J. P., Mangano, Gibbons and Cohalan, JJ., concur.