■ CALLANAN INDUSTRIES, INC., Appellant, v CHARLES SMIROLDO, Respondent. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered July 6, 1983 in Albany County, which denied plaintiff's motion for partial summary judgment. ¶ Plaintiff commenced this breach of contract action to recover $2,500 for services allegedly rendered in repairing defendant's driveway, as provided for in the agreement between the parties. Defendant denied the material allegations of the complaint and asserted a counter-

claim to recover $1,100 for repairs to the driveway which will allegedly have to be made due to plaintiff's failure to perform the work in a good and workmanlike manner. Plaintiff moved for partial summary judgment, contending that defendant's counterclaim for $1,100 established plaintiff's claim to the extent of $1,400, the difference between plaintiff's claim and alleged cost of repairs to the driveway. Special Term denied plaintiff's motion, concluding that issues of fact as to plaintiff's performance existed. This appeal followed and we affirm. ¶ Contrary to plaintiff's contention, defendant's counterclaim does not establish that plaintiff substantially performed the contract and, therefore, is entitled to damages. The theory of substantial performance permits recovery on a contract only where the failure of performance is relatively slight and occurs in good faith (see, e.g., 22 NY Jur 2d, Contracts, § 317, p 195). The record herein reveals that defendant has presented proof, in affidavit and other form, to establish that plaintiff's performance was so inadequate as to constitute a breach, which would prevent plaintiff from any recovery on the contract. Defendant's assertion of a counterclaim does not negate this possibility. Accordingly, the issue of plaintiff's performance presents factual questions which require a trial and Special Term properly denied plaintiff's motion. ¶ Order affirmed, with costs. Kane, J. P., Main, Yesawich, Jr., and Harvey, JJ., concur.