■ GEORGE M. WATERS, Appellant-Respondent, v HENRY GLASHEEN, Respondent-Appellant. — Judgment unanimously modified and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: Plaintiff sought the balance of $8,000 due on the third and final installment of a contract for the construction of a warehouse owned by the defendant. He also sought $135 which he paid for a survey of the premises and $2,217.94 for the work partially performed on an office addition pursuant to a separate oral agreement. Defendant alleged in a counterclaim that plaintiff's work was incomplete and negligent and would cost him $15,000 to rectify it. After a Bench trial, the court dismissed both the complaint and the counterclaim. ¶ The court should not have dismissed plaintiff's claim for $8,000. The court found that "[t]he defendant breached the contract by failing to pay the third contract installment payment when due." Implicit in this finding is that the plaintiff fully performed the written contract for construction of the warehouse. Since the record discloses conflicting testimony on the issue of whether the contract was performed, the findings of the court, supported by the credible evidence, are entitled to much weight (see *Atkin v Union Processing Corp.*, 90 AD2d 332, 334, affd 59 NY2d 919; *Perry v Perry,* 79 AD2d 851, 852). It is within the power of this court to grant the judgment which upon the evidence should have been granted by the trial court (see CPLR 5701, subd [c]; *Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052). Accordingly, the judgment should be modified by granting the plaintiff $8,000 for defendant's breach. ¶ We agree that plaintiff's claim for the cost of the survey should be dismissed because the survey was contemplated as part of the total contract which provided that the plaintiff furnish all "things necessary, or proper for, or incidental to the work." ¶ Plaintiff's claim for $2,217.94 was also properly dismissed, since it is undisputed that plaintiff abandoned work on the office addition before installing a floor and roof. A party who has partly performed a contract and who has materially defaulted in completing it is not entitled to recover for his part performance (22 NY Jur 2d, Contracts, § 540, pp 539-540), unless he can establish a legal excuse for not completing the work (*Steel Stor. & Elevator Constr. Co. v Stock,* 225 NY 173). Although defendant's refusal to pay plaintiff the final installment on the written contract was the reason plaintiff abandoned work on the office addition, there was no evidence presented to prove that defendant was under an obligation to pay the $8,000 as a condition precedent to plaintiff's performance of the oral agreement. The two contracts were separate, not contingent upon each other. ¶ Defendant's counterclaim was properly dismissed based upon the court's finding that "defendant did not prove that the repairs performed by him were items of the contract." (Appeals from judgment of Supreme Court, Onondaga County,

Inglehart, J. — breach of contract.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.