(December 7, 1987)

■ WALTER E. BLUM, Respondent, v JOSEPH PARISI, Appellant.—In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Robbins, J.), entered August 1, 1986, after a nonjury trial, which is in favor of the plaintiff and against him in the principal sum of $36,000.

Ordered that the judgment is affirmed, with costs.

Upon our review of the record, we conclude that the trial court properly determined that the plaintiff substantially performed his obligations under the subject architectural agreement (see, Callanan Indus. v Smiroldo, 100 AD2d 717; Pilgrim Homes & Garages v Fiore, 75 AD2d 846, lv dismissed 51 NY2d 702) and that the defendant's challenge to certain of the court's evidentiary rulings are without merit (see, Richardson, Evidence §§ 200, 357 [Prince 10th ed]; General Obligations Law § 15-301 [1]). Mangano, J. P., Bracken, Eiber and Kunzeman, JJ., concur.

■ JEROME BRANDMAN et al., Appellants, v LARRY WARDEN et al., Respondents.—Appeal by the plaintiffs from (1) an order of the Supreme Court, Suffolk County, dated March 20, 1987, and (2) an order and judgment (one paper) of the same court entered April 9, 1987.

Ordered that the appeal from the order dated March 20, 1987, is dismissed; and it is further,

Ordered that the order and judgment entered April 9, 1987, is affirmed for reasons stated by Justice Gerard in his memorandum decision at Trial Term; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (see, CPLR 5501 [a] [1]). Mangano, J. P., Bracken, Eiber and Kunzeman, JJ., concur.