■ CAREFREE BUILDING PRODUCTS, INC., Respondent-Appellant, v JOHN C. BELINA, Appellant-Respondent.—Mercure, J. Cross appeals from a judgment of the Supreme Court (Rose, J.), entered October 3, 1989 in Tompkins County, upon a verdict rendered in favor of plaintiff.

Plaintiff commenced this action to recover the balance due on a contract with defendant to install siding on his home in the City of Ithaca, Tompkins County. The contract price was $12,680. Defendant had made total payments of $6,000 but, contending that the work was unsatisfactory, made no further payments. Following trial, a jury found that the contract had been substantially but not fully performed. The jury then awarded damages in the amount of $3,680, a sum representing the balance due of $6,680, less an amount of $3,000 "to cover current deficiencies". Defendant moved to set aside the verdict on the ground that a reduction of an amount equal to nearly 25% of the contract price demonstrated that, as a matter of law, the contractual performance was not substantial. Supreme Court denied the motion. Plaintiff was thereafter

awarded judgment which included counsel fees of $2,250. Defendant now appeals and plaintiff cross-appeals.

Initially, defendant claims that Supreme Court erred in charging the jury that "[t]he incomplete or improperly performed work need not be * * * trivial * * * minor or small, as long as the properly performed work constituted the essential part" of the contract. We agree. It is well settled that "[i]n order to recover for substantial performance, the plaintiff must establish that its failure to perform was inadvertent or unintentional and that the defects were insubstantial" *(Sear-Brown Assocs. v Blackwatch Dev. Corp.,* 112 AD2d 765; *see generally,* 2 NY PJI 911). Indeed, under the doctrine of substantial performance, any defective or omitted work must be "slight" *(Spence v Ham,* 163 NY 220, 225), "trivial" *(Jacob & Youngs v Kent,* 230 NY 239, 241) or "minor" *(Wilson Roofing & Painting v Jobco-Kelly Assocs.,* 128 AD2d 953, 954, *lv denied* 70 NY2d 828). In our view, Supreme Court's charge precluded fair consideration by the jury of the issue of substantial performance, requiring that a new trial be ordered *(see, Steel Stor. & Elevator Constr. Co. v Stock,* 225 NY 173, 178-179; *Bacon v Celeste,* 30 AD2d 324, 326).

Next, defendant claims that the jury's finding of substantial performance cannot be reconciled with its assessment of current deficiencies at a figure representing nearly 25% of the contract price. Again, we agree. Although the determination of whether the performance for which recovery is sought was substantial turns upon the facts of each particular case *(see, Wilson Roofing & Painting v Jobco-Kelly Assocs., supra),* several courts have held that "[n]either a complete nor a substantial performance can be predicated upon facts showing omissions, deviations and defects of this magnitude" *(Fuchs v Saladino,* 133 App Div 710, 715 [15%]; *see, Wilson Roofing & Painting v Jobco-Kelly Assocs., supra,* at 955 [15%]; *Gompert v Healy,* 149 App Div 198, 199 [25%]; *Mitchell v Williams,* 80 App Div 527, 529 [1/7]; *Fox v Davidson,* 36 App Div 159, 162 [1/20] ). The jury's valuation of deficiencies at such a level would generally mandate a finding that plaintiff did not substantially perform the contract and dismissal of the complaint. Here, though, in view of Supreme Court's erroneous charge on the issue of substantial performance, the jury's inconsistent verdicts, the parties' confusion throughout trial as to the burden of proof and the question of whether plaintiff was precluded from offering evidence as to the cost of remedying the deficiencies and, finally, the vague and conclusory

evidence adduced on that issue, a new trial should be conducted.

Finally, although we find no merit to the arguments addressed to the award of counsel fees, our reversal of the jury's determination of the amount due under the contract requires reversal of the award of counsel fees as well. The remaining contentions raised by the parties, to the extent preserved, lack merit.

Judgment reversed, on the law, with costs to abide the event, and matter remitted to the Supreme Court for a new trial. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.