■ TRATAROS CONSTRUCTION, INC., Respondent-Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Appellant-Respondent. [849 NYS2d 437]—

In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Queens County (McDonald, J.), entered October 31, 2005, which, upon a decision of the same court dated September 6, 2005, made after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $562,164.38, and the plaintiff cross-appeals, on the ground of inadequacy, from the same judgment.

Ordered that the judgment is reversed insofar as appealed from, on the law, and the complaint is dismissed; and it is further,

Ordered that the cross appeal is dismissed as academic in light of our determination on the appeal; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff contends that its proof at trial established its substantial performance of the entirety of the renovation contract at issue here. The plaintiff, however, is estopped, by virtue of its successful objections at trial, from claiming that any deficiencies in performance must be measured against the entire contract for the renovation of the Jane Addams High School rather than the roofing portion only (*see Blanchard v City of Saratoga Springs*, 241 App Div 193 [1934]; *see generally Davis v Wakelee*, 156 US 680, 689 [1895]; *Clifton Country Rd. Assoc. v Vinciguerra*, 252 AD2d 792, 793 [1998]; *Shepardson v Town of Schodack*, 195 AD2d 630, 632 [1993], *affd* 83 NY2d 894 [1994]; *cf. People v Webb*, 31 AD3d 796 [2006]). Thus, we limit our consideration, as did the plaintiff and the trial court, to the roofing portion of the contract and agree that the trial court's

finding that the plaintiff is responsible for defects constituting more than half the value of the roofing portion of the contract was warranted by the evidence. We decline to disturb this finding on appeal (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]; *Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]; *We're Assoc. Co. v Rodin Sportswear,* 288 AD2d 465, 466 [2001]). We part company with the Supreme Court, however, by concluding that these significant defects in the plaintiff's performance precluded a finding of the plaintiff's substantial performance of the roofing portion of the contract (*see Spence v Ham,* 163 NY 220, 227-228 [1900]; *Carefree Bldg. Prods. v Belina,* 169 AD2d 956, 957 [1991]; *cf. Jerry B. Wilson Roofing & Painting v Jobco-E. R. Kelly Assoc.,* 128 AD2d 953, 954-955 [1987]; *Gifford Constr. Co. v Lever Mgt. Corp.,* 78 AD2d 869 [1980]). Having thus failed to establish substantial performance, the plaintiff could not recover under the contract and the complaint should have been dismissed (*see Carefree Bldg. Prods. v Belina,* 169 AD2d at 957; *Callanan Indus. v Smiroldo,* 100 AD2d 717, 718 [1984]; *cf. Pilgrim Homes & Garages v Fiore,* 75 AD2d 846, 846-847 [1980]).

In light of our determination, we do not reach the parties' remaining contentions. Crane, J.P., Spolzino, Krausman and McCarthy, JJ., concur.