■ WEST ORANGE MANAGEMENT, INC., Respondent, v VINCENT ALAIMO et al., Appellants. [868 NYS2d 292]—

The plaintiff commenced this action to recover a balance owed on a written agreement with the defendants to demolish and remove a building, and to recover additional costs allegedly incurred as a result of misrepresentations made by the defendants concerning the project. The defendants counterclaimed, inter alia, to recover damages for alleged breaches of the contract and for negligence in the performance of the same, including damage to a boiler during its removal and relocation to another property. After a nonjury trial, the court found, inter alia, in favor of the plaintiff on its cause of action to recover the balance of the contract price, and dismissed the counterclaims. The defendants appeal. We affirm.

Upon review of a determination rendered after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses (*see*

*Candela v Byron Chem. Co., Inc.*, 54 AD3d 306 [2008]). Here, we find no basis to disturb the Supreme Court's determination on appeal, including its findings as to credibility. The plaintiff proved substantial performance of the contract and entitlement to the balance of the contract price (*see Spence v Ham,* 163 NY 220 [1900]; *cf. Trataros Constr., Inc. v New York City School Constr. Auth.,* 46 AD3d 871 [2007]). In opposition, the defendants failed to prove that they sustained damages as a result of a breach or the negligent performance of the contract, other than the damages to the boiler. Further, contrary to the defendants' contention on appeal, the Supreme Court did not deny their request for an adjournment in order to produce the owner of the plaintiff as a witness. Rather, the request was abandoned.

The defendants' remaining contentions are without merit. Ritter, J.P., Florio, Miller and Dillon, JJ., concur.