■ Novair Mechanical Corp., Respondent, v Universal Management & Contracting Corp., Appellant. [917 NYS2d 876]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Queens County (Kitzes, J.), entered October 7, 2009, which denied its motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered March 5, 2010, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $18,712.40.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, and the complaint is dismissed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

"Upon review of a determination rendered after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the

trial judge had the advantage of seeing the witnesses" (*West Orange Mgt., Inc. v Alaimo*, 57 AD3d 530, 530 [2008]; *see. Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). "In order to recover for substantial performance, the plaintiff must establish that its failure to perform was inadvertent or unintentional and that the defects were insubstantial" (*Sear-Brown Assoc. v Blackwatch Dev. Corp.*, 112 AD2d 765 [1985]; *see West Orange Mgt., Inc. v Alaimo*, 57 AD3d 530 [2008]; *Jerry B. Wilson Roofing & Painting v Jobco-E. R. Kelly Assoc.*, 128 AD2d 953, 954 [1987]). Here, the defects in the plaintiff's work were substantial and, thus, the Supreme Court should not have concluded that the plaintiff substantially performed the contracted work (*see Jerry B. Wilson Roofing & Painting v Jobco-E. R. Kelly Assoc.*, 128 AD2d at 954; *Sear-Brown Assoc. v Blackwatch Dev. Corp.*, 112 AD2d at 765; *Anderson Clayton & Co. v Alanthus Corp.*, 91 AD2d 985 [1983]; *Pilgrim Homes & Garages v Fiore*, 75 AD2d 846 [1980]; *Witt v Gilmour*, 172 App Div 110, 115 [1916]; *Fuchs v Saladino*, 133 App Div 710, 715 [1909]).

The plaintiff's contention that it was excused from further performance because of the defendant's nonpayment is without merit (*see generally Waters v Glasheen*, 103 AD2d 1043 [1984]).

The plaintiff failed to establish that the alleged additional work it performed was not covered by the subject contract (*see Ludemann Elec., Inc. v Dickran*, 74 AD3d 1155, 1156 [2010]; *Savin Bros. v State of New York*, 62 AD2d 511, 516 [1978], *affd* 47 NY2d 934 [1979]).

In light of our determination, the remaining contentions have been rendered academic. Angiolillo, J.P., Belen, Chambers and Roman, JJ., concur.