15-714-cv
Nature's Plus Nordic A/S v. Natural Organics, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand sixteen.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

------------------------------------------------------------------------
NATURE'S PLUS NORDIC A/S, DERMAGRUPPEN A/S,

*Plaintiffs-Appellees,*

v.                                                                  No. 15-714-cv

NATURAL ORGANICS, INC.,
*Defendant-Appellant,*

HOUSE OF NATURE A/S, HANS KARE LUNDESTAD, ORGANIC HOUSE A/S,
*Defendants.*
------------------------------------------------------------------------
APPEARING FOR APPELLANT:         KEVIN SCHLOSSER, Meyer, Suozzi, English & Klein, P.C., Garden City, New York.

APPEARING FOR APPELLEE:          ERNEST E. BADWAY (Gerard P. Norton and Christopher R. Kinkade, *on the brief*), Fox Rothschild LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 22, 2015, is AFFIRMED.

Defendant Natural Organics, Inc. ("NOI"), appeals from a judgment entered after a jury trial in favor of plaintiff Nature's Plus Nordic A/S ("NPN"). NOI argues that the district court erred in (1) construing a contract obligation as a promise requiring only substantial performance, rather than a condition precedent requiring strict performance, in granting NPN partial summary judgment; (2) denying NOI judgment as a matter of law and allowing NPN to recover (a) out-of-pocket expenses, (b) damages amounting to a double recovery, and (c) reliance damages not contemplated by the parties; (3) denying NOI a new trial; and (4) awarding NPN prejudgment interest. While we review both a summary judgment award and the denial of a motion for judgment as a matter of law <u>de novo</u>, <u>see</u> <u>Jackson v. Fed. Express</u>, 766 F.3d 189, 193−94 (2d Cir. 2014) (summary judgment); <u>Merrill Lynch Interfunding, Inc. v. Argenti</u>, 155 F.3d 113, 120 (2d Cir. 1998) (judgment as matter of law), we review the denial of a Rule 59 motion for a new trial and an award of prejudgment interest only for abuse of discretion, <u>see</u> <u>SEC v. Contorinis</u>, 743 F.3d 296, 307 (2d Cir. 2014) (prejudgment interest); <u>Bucalo v. Shelter Island Union Free Sch. Dist.</u>, 691 F.3d 119, 128 (2d Cir. 2012) (Rule 59 motion for new trial). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Condition Precedent

In faulting the district court's summary determination that NOI breached its contract with NPN as a matter of law, NOI argues that NPN's obligation to purchase $600,000 of NOI's products was a condition precedent to NPN's sole distributorship, which obligation was not subject to the doctrine of substantial performance. Like the district court, we conclude that NPN's purchase obligation is properly construed as a promise and, thus, can be reviewed for substantial performance. See Nature's Plus Nordic A/S v. Natural Organics, Inc., 980 F. Supp. 2d 400, 411, 413 (E.D.N.Y. 2013).

Under New York law, which controls our construction of the contract at issue, a condition precedent is "an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises." Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co., 86 N.Y.2d 685, 690, 636 N.Y.S.2d 734, 737 (1995) (internal quotation marks omitted). New York law demands that parties state conditions precedent "in unmistakable language," absent which courts will interpret an obligation "as embodying a promise or constructive condition rather than an express condition." Id. at 691, 636 N.Y.S.2d at 737; see Unigard Sec. Ins. Co. v. N. River Ins. Co., 79 N.Y.2d 576, 581, 584 N.Y.S.2d 290, 292 (1992); see also Israel v. Chabra, 537 F.3d 86, 93 (2d Cir. 2008) (citing Oppenheimer in acknowledging New York courts' caution when interpreting contract clause as condition precedent).

NOI argues that the contract's use of the phase "in order for" unambiguously establishes NPN's minimum-purchase obligation as a condition precedent to its rights

under the agreement.  See J.A. 139 ("In order for [NPN] to maintain the sole distributorship for the Products, [NPN] agrees that it will purchase and pay for Products from NOI as follows: a minimum of 1) USD $600,000.00 during the first year . . . of this agreement." (emphasis added)).  We disagree.

Even if the phrase "in order for" could be used to signal a condition in some contexts, cf. Israel v. Chabra, 537 F.3d at 93 (explaining that "if," "on condition that," "provided that," "in the event that," and "subject to" are "linguistic conventions" recognized to create conditions precedent); Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co., 86 N.Y.2d at 691, 636 N.Y.S.2d at 737 (recognizing "if" and "unless and until" as "unmistakable language of condition"), it is not so used here where the purchase does not trigger any other contractual duty.  If NPN fulfilled its minimum-purchase obligation, no "duty to perform a promise" would arise.  Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co., 86 N.Y.2d at 690, 636 N.Y.S.2d at 737 (internal quotation marks omitted).  Rather, NPN's failure to fulfill its purchase obligation would, at most, allow NOI, at its option, to terminate the agreement after appropriate notice and opportunity to cure.  See J.A. 143.  In these circumstances, the minimum-purchase obligation is not a condition precedent requiring strict performance, but, rather, a promise properly reviewed for substantial performance.[1]  See Cramer v. Esswein, 220 A.D. 10,

---

[1] Insofar as NOI relies on Wakefield v. N. Telecom, Inc., 769 F.2d 109 (2d Cir. 1985), that case is distinguishable because, there, the phrase "in order to" conditioned a participant's entitlement to incentive compensation under a company commission plan on the participant being an employee of that company "on the date the incentive compensation is to be paid pursuant to the Plan."  Id. at 111.  Thus, the employer's

4

11, 220 N.Y.S. 634, 634 (2d Dep't 1927) (explaining that "[s]ubstantial performance is performance, the deviations permitted being minor, unimportant, inadvertent, and unintentional" (internal quotation marks omitted)); Bernard v. Las Ams. Commc'ns, Inc., 84 F.3d 103, 108 (2d Cir. 1996); see also Callanan Indus., Inc. v. Smiroldo, 100 A.D.2d 717, 718, 474 N.Y.S.2d 611, 612 (3d Dep't 1984).

Upon reviewing the record, we conclude, as the district court did, that NPN's purchase of at least $597,031.02 of NOI's products, representing approximately 99.5% of the $600,000 quota, manifests substantial performance as a matter of law. Accordingly, we affirm the district court's partial award of summary judgment in favor of NPN.

2.      Rule 50 Motion for Judgment as a Matter of Law

We review the denial of a Rule 50 motion de novo, but we do so "applying the same standards as the district court," Merrill Lynch Interfunding, Inc. v. Argenti, 155 F.3d at 120, which ask whether there was "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture," Turley v. ISG Lackawanna, Inc., 774 F.3d 140, 155 (2d Cir. 2014) (internal quotation marks omitted).

A.      Out-of-Pocket Expenses

NOI argues that it was entitled to Rule 50 relief from the jury's award of out-of-pocket expenses to NPN as reliance damages because NPN never repaid the loan it

---

obligation to pay did not arise unless and until the participant was a company employee. Here, NPN's duty to purchase $600,000 of Nature's Plus products does not similarly condition any obligation on behalf of NOI.

5

obtained from its parent company, Dermagruppen A/S ("Dermagruppen"), and, thus, never suffered a "loss" of any out-of-pocket expenses from NOI's breach of the agreement. Like the district court, we reject the argument.

New York allows a party to recover "damages based on his reliance interest, including expenditures made in preparation for performance or in performance." St. Lawrence Factory Stores v. Ogdensburg Bridge & Port Auth., 13 N.Y.3d 204, 208, 889 N.Y.S.2d 534, 535 (2009) (internal quotation marks omitted). Although, as the district court recognized, testimony by NPN executives was "somewhat contradictory" as to whether the influx of cash from Dermagruppen to NPN was a loan or some other form of cash advance, Nature's Plus Nordic A/S v. Natural Organics, Inc., 98 F. Supp. 3d 600, 608 (E.D.N.Y. 2015), the record admits a finding that NPN used the Dermagruppen funds to cover expenses that NPN had already incurred in reliance upon its contract with NOI. See J.A. 400–02 (testimony explaining that Dermagruppen gave NPN money so that NPN could pay "their bills" and "ongoing operational costs"); id. at 563–64 (testimony stating that "the $2,964,481 [NPN] received from Dermagruppen" was used to "pa[y] the operational costs, such as salaries and the cost of products from NOI," as well as "debt owed" to certain suppliers). It is those underlying debts—NPN's bills and ongoing operational costs—that NPN was entitled to recover because (1) NPN incurred the debts in reliance upon its contract with NOI and (2) NPN had an obligation to pay them. That Dermagruppen loaned NPN the money to satisfy these debts is irrelevant to the question of whether they originally were incurred by NPN in reliance upon its contract with NOI.

6

Further, despite some conflicting testimony, which we must assume the jury resolved in favor of NPN, the record evidence was sufficient for the jury to find that NPN remained obligated to repay Dermagruppen the amount loaned. See Nature's Plus Nordic A/S v. Natural Organics, Inc., 98 F. Supp. 3d at 609. Thus, the jury reasonably could have concluded that, by awarding NPN its requested out-of-pocket expenses, it was restoring NPN to the position it was in before the contract was formed. See Clifford R. Gray, Inc. v. LeChase Constr. Servs., 51 A.D.3d 1169, 1170, 857 N.Y.S.2d 347, 349 (3d Dep't 2008) (explaining that reliance damages are "those necessary to restore plaintiff to the position in which it would have been had it not relied on defendant's alleged promise"); accord Farash v. Sykes Datatronics, Inc., 59 N.Y.2d 500, 505–06, 465 N.Y.S.2d 917, 920 (1983) (noting that "promisee who partially performs . . . at a promisor's request should be allowed to recover the fair and reasonable value of the performance rendered"). In sum, because the record supports the conclusion that NPN incurred debts that it was obliged to replay in reliance upon its contract with NOI, NOI was not entitled to judgment as a matter of law precluding an award of out-of-pocket damages.

B.    Double Recovery

NOI contends that insofar as NPN was awarded "both the amount of various operating expenses . . . and the amount of the funds received from non-parties that NPN used to pay for those very same operating expenses" it was entitled to judgment as a

7

matter of law preventing such dual recovery. Appellant's Br. 55 (emphasis in original). We are not persuaded.

Trial testimony established that NPN had total out-of-pocket expenses of $4,433,263, see J.A. 474, a figure which NOI did not dispute, but that NPN received only $2,964,481 from Dermagruppen, see id. at 563. The record further reflects that NPN paid a portion of its expenses, including some short-term debt, with its own funds. See, e.g., id. at 819–20. This record does not ineluctably lead to the conclusion that NPN received a double recovery and, thus, permits the challenged award. See Cross v. N.Y.C. Transit Auth., 417 F.3d 241, 248 (2d Cir. 2005) (explaining that Rule 50 motion must be denied unless evidence is such that, without weighing credibility of witnesses or otherwise considering weight of evidence, there can be but one conclusion as to verdict that reasonable people could have reached). Accordingly, NOI was not entitled to judgment as a matter of law on a theory of double recovery.

C. Damages Not Contemplated by Parties

NOI claims that certain damages awarded to NPN were not contemplated by the parties at the time of contract and, thus, that it is entitled to judgment as a matter of law on those amounts. See Kenford Co. v. County of Erie, 73 N.Y.2d 312, 319, 540 N.Y.S.2d 1, 3–4 (1989) (explaining that nonbreaching party may only recover "unusual or extraordinary damages" upon showing that such damages were "within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting"). Specifically, NOI argues that NPN is not entitled to recover "extraordinary

8

amounts listed as 'advertising'" and "money NPN borrowed from non-parties." Appellant's Br. 59.

As to NPN's advertising expenses, we conclude, for substantially the reasons stated by the district court, that such expenses were contemplated by the parties at the time of contract and, thus, recoverable at trial. See Nature's Plus Nordic A/S v. Natural Organics, Inc., 98 F. Supp. 3d at 610–11 (citing contract requirement that NPN spend "'no less than 5% of [its] net purchases of Products during the applicable contract year'" on "'Product advertising and promotion'"); see also J.A. 140.

Further, as already mentioned, NPN used the borrowed Dermagruppen funds to pay ongoing operating costs associated with performing the distribution contract. Such operational costs were clearly contemplated by the parties at the point of contract. Thus, NOI was not entitled to judgment as a matter of law vacating the award of these damages.

3.    Rule 59 Motion

Insofar as NOI's motion for a new trial, see Fed. R. Civ. P. 59, relied on the same arguments as its Rule 50 motion, we identify no abuse of discretion in the district court's denial of the former relief for much the same reason we identify no error in the denial of the latter relief. See Gomez v. City of New York, 805 F.3d 419, 423 (2d Cir. 2015) (explaining that district court abuses its discretion under Rule 59 only when it "bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or renders a decision that cannot be located within the range of permissible decisions" (alteration and internal quotation marks omitted)); Haber v. Nassau Cty., 557

9

F.2d 322, 325 (2d Cir. 1977) (noting that district court has more discretion to order new trial than to enter judgment notwithstanding verdict).

4.      Prejudgment Interest

NOI argues that the district court abused its discretion in awarding NPN prejudgment interest under N.Y. C.P.L.R. § 5001(a) in light of Bulk Oil (U.S.A) Inc. v. Sun Oil Trading Co., 697 F.2d 481 (2d Cir. 1983).  The argument fails on the merits for the reasons stated by the district court.  See Nature's Plus Nordic A/S v. Natural Organics, Inc., 108 F. Supp. 3d 52, 55–58 (E.D.N.Y. 2015).

In Bulk Oil, defendant breached its payment obligation on a delivery of fuel oil, the production of which plaintiff had financed through a bank loan.  See Bulk Oil (U.S.A) Inc. v. Sun Oil Trading Co., 697 F.2d at 482, 485.  This court held that insofar as plaintiff had been awarded both the unpaid contract price and interest payments it was obliged to make on its loan, plaintiff could recover statutory interest on the former but not the latter because such an interest award would have provided plaintiff with a windfall by placing it in a better position than it would have been had the contract been performed.  See id. at 484–86.

No such concern arises here because NPN has not been awarded damages for any interest payments it had to make on its loan.  Rather, it has been awarded out-of-pocket expenses incurred in anticipation of fulfilling the contract.  Awarding prejudgment interest on these monies does not place NPN in a better position than it would have been in had the contract been performed.  Rather, it compensates NPN only for loss of the use

10

of money expended in furtherance of its contract with NOI. In these circumstances, prejudgment interest is mandatory. See N.Y. C.P.L.R. § 5001(a); New Eng. Ins. Co. v. Healthcare Underwriters Mut. Ins. Co., 352 F.3d 599, 607 (2d Cir. 2003); J. D'Addario & Co. v. Embassy Indus., Inc., 20 N.Y.3d 113, 117, 957 N.Y.S.2d 275, 277 (2012). Accordingly, we affirm the district court's award.

5.    Conclusion

We have considered NOI's remaining arguments and conclude that they are without merit. We, therefore, AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

11