New Ho Xin Dev., Inc. v Yang (2020 NY Slip Op 07078)





New Ho Xin Dev., Inc. v Yang


2020 NY Slip Op 07078


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2018-05838
 (Index No. 2770/14)

[*1]New Ho Xin Development, Inc., respondent,
v
Paul Yang, appellant, et al., defendant.


Stephen B. Irwin, Flushing, NY, for appellant.
Law Office of Amy Y. Chen, PLLC, Flushing, NY, for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendant Paul Yang appeals from a judgment of the Supreme Court, Queens County (Tracy Catapano-Fox, Ct. Atty. Ref.), entered November 1, 2017. The judgment, upon a decision of the same court dated October 24, 2017, made after a nonjury trial, is in favor of the plaintiff and against the defendant Paul Yang in the principal sum of $105,874.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action to recover a balance owed on a written agreement with the defendants to renovate a building. The defendants counterclaimed to recover damages for alleged breaches of the contract by the plaintiff. After a nonjury trial, the Supreme Court found in favor of the plaintiff on its cause of action for breach of contract and dismissed the defendants counterclaims. The defendant Paul Yang appeals.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that the trial judge had the advantage of seeing the witnesses and hearing the testimony (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Khan v Kaieteur Constr., Inc., 120 AD3d 770, 770; West Orange Mgt., Inc. v Alaimo, 57 AD3d 530, 530).
Here, the facts adduced at trial warranted the Supreme Court's determination that the plaintiff met its burden of establishing its cause of action alleging breach of contract. Contrary to Yang's contention, the evidence did not establish that the plaintiff had breached the contract in failing to complete the renovation. Accordingly, we find no reason to disturb the court's determination awarding judgment in favor of the plaintiff.
MASTRO, J.P., MILLER, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court