OPINION OF THE COURT
Chief Judge Cooke.
Plaintiff claims that he and defendant entered an agreement whereby defendant would lease a building owned by *503 plaintiff, who was to complete its renovation and make certain modifications on an expedited basis. Defendant, however, never signed any contract and never occupied the building. Plaintiff commenced this litigation, and defendant unsuccessfully moved to dismiss for failure to state a cause of action. On appeal, the Appellate Division reversed, with two Justices dissenting in part. For the reasons that follow, we now modify.
Plaintiff pleaded three causes of action in his complaint. The first was to enforce an oral lease for a term longer than one year. This is clearly barred by the Statute of Frauds (General Obligations Law, § 5-703, subd 2). The third cause of action is premised on the theory that the parties contracted by exchanging promises that plaintiff would perform certain work in his building and defendant would enter into a lease for a term longer than one year. This is nothing more than a contract to enter into a lease; it is also subject to the Statute of Frauds (see Geraci v Jenrette, 41 NY2d 660, 664). Hence, the third cause of action was properly dismissed.
Plaintiff’s second cause of action, however, is not barred by the Statute of Frauds. It merely seeks to recover for the value of the work performed by plaintiff in reliance on statements by and at the request of defendant. This is not an attempt to enforce an oral lease or an oral agreement to enter a lease, but is in disaffirmance of the void contract and so may be maintained (see Baldwin v Palmer, 10 NY 232, 235). That defendant did not benefit from plaintiff’s efforts does not require dismissal; plaintiff may recover for those efforts that were to his detriment and that thereby placed him in a worse position (see Kearns v Andree, 107 Conn 181; 5 Corbin, Contracts, § 1107; 12 Williston, Contracts [3d ed], § 1480). “The contract being void and incapable of enforcement in a court of law, the party * * * rendering the services in pursuance thereof, may treat it as a nullity, and recover * * * the value of the services” (Erben v Lorillard, 19 NY 299, 302; accord Day v New York Cent. R. R. Co., 51 NY 583, 590).
The dissent’s primary argument is that the second cause of action is equivalent to the third, and so is also barred by the Statute of Frauds. It is true that plaintiff attempts to *504 take the contract outside the statute’s scope and render it enforceable by arguing that the work done was unequivocally referable to the oral agreement. This should not operate to prevent recovery under a theory of quasi contract as a contract implied by law, which “is not a contract at all but an obligation imposed by law to do justice even though it is clear that no promise was ever made or intended” (Calamari and Perillo, Contracts [2d ed], § 1-12, p 19). Obviously, the party who seeks both to enforce the contract that is unenforceable by virtue of the Statute of Frauds and to recover under a contract implied in law will present contradictory characterizations. This, however, is proper in our courts where pleading alternative theories of relief is accepted. Moreover, the existence of any real promise is unnecessary; plaintiff’s attempt to make his acts directly referable to the unenforceable contract simply is irrelevant.
The authorities all recognize that a promisee should be able to recover in the present situation. “[I]f the improvements made by the plaintiff are on land that is not owned by the defendant and in no respect add to his wealth, the plaintiff will not be given judgment for restitution of their value, even though he may have made such improvements in reliance upon the contract that the defendant has broken. For such expenditures as these in reliance on a contract, the plaintiff can get judgment only in the form of damages for consequential injury” (5 Corbin, Contracts, p 578 [n omitted]). Thus, plaintiff may recover for those expenditures he made in reliance on defendant’s representations (see id., §§ 998, 1011) and that he otherwise would not have made. The Restatement provides that an injured party who has not conferred a benefit may not obtain restitution, but he or she may “have an action for damages, including one for recovery based on * * * reliance” (Restatement, Contracts 2d, § 370, Comment a). “[T]he injured party has a right to damages based on his reliance interest, including expenditures made in preparation for performance or in performance, less any loss that the party in breach can prove with reasonable certainty the injured party would have suffered had the contract been performed” (Restatement, Contracts 2d, § 349). The Restate *505 ment recognizes an action such as is involved here (see Restatement, Contracts 2d, §§ 139, 349, Comment b).
The dissent relies on Bradkin v Leverton (26 NY2d 192) and Miller v Schloss (218 NY 400) for the proposition that plaintiff can recover only if there is an actual benefit to the defendant. Those cases do not state that there can be no recovery for work performed in the absence of any real benefit to defendant. As stated by Professor Williston (12 Williston, Contracts [3d ed], pp 282-284, 286-287 [nn omitted]):
“Again, even though the defendant’s liability is imposed by law irrespective of the agreement of the parties, and may, therefore, be called quasi contractual, where the defendant is a wrongdoer the plaintiff may well be preferred, and if a complete restoration of the status quo or its equivalent is impossible the plaintiff should at least be replaced in as good a position as he originally was in, although the defendant is thereby compelled to pay more than the amount which the plaintiff’s performance has benefited him.
***
“That is, the law should impose on the wrongdoing defendant a duty to restore the plaintiff’s former status, not merely to surrender any enrichment or benefit that he may unjustly hold or have received; although if the market value or, in the absence of a market value, the benefit to the defendant of what has been furnished exceeds the cost or value to the plaintiff, there is no reason why recovery of this excess should not be allowed.
“These different possible situations, as has been said, have often been confused with one another, because the form of action in each of them was identical at common law — general assumpsit on a quantum meruit or quantum valebat count; and this tended to induce courts and others to inquire what is the rule of damages under such counts — a question not susceptible of a single answer.”
A lesson in this area can be taken from Professors Calamari and Perillo: “The basic aim of restitution is to place the plaintiff in the same economic position as he enjoyed prior to contracting. Thus, unless specific restitu *506 tion is obtained in Equity, the plaintiff’s recovery is for the reasonable value of services rendered, goods delivered, or property conveyed less the reasonable value of any counter-performance received by him. The plaintiff recovers the reasonable value of his performance whether or not the defendant in any economic sense benefitted from the performance. The quasi-contractual concept of benefit continues to be recognized by the rule that the defendant must have received the plaintiff’s performance; acts merely preparatory to performance will not justify an action for restitution. ‘Receipt,’ however, is a legal concept rather than a description of physical fact. If what the plaintiff has done is part of the agreed exchange, it is deemed to be ‘received’ by the defendant.” (Calamari and Perillo, Contracts [2d ed], § 15-4, p 574 [nn omitted]; see, also, id., § 19-44; Perillo, Restitution in a Contractual Context, 73 Col L Rev 1208, 1219-1225).
We should not be distracted by the manner in which a theory of recovery is titled. On careful consideration, it becomes clear that the commentators do not disagree in result, but only in nomenclature. Whether denominated “acting in reliance” or “restitution,” all concur that a promisee who partially performs (e.g., by doing work in a building or at an accelerated pace) at a promisor’s request should be allowed to recover the fair and reasonable value of the performance rendered, regardless of the enforceability of the original agreement.
Accordingly, the order of the Appellate Division should be modified, with costs to appellant, by reinstating plaintiff’s second cause of action and, as so modified, affirmed.