■ PHILIP FURGANG, Respondent-Appellant, v LENEFSKY, MEIER & NOVOD, Appellant-Respondent. — In an action, *inter alia,* to recover damages under a quantum meruit theory, defendant appeals from a judgment of the Supreme Court, Rockland County (Palella, J.), dated September 21, 1983, which, after a nonjury trial, awarded plaintiff $4,190.92 and plaintiff cross-appeals, as limited by his brief, from so much of the judgment as denied him $775.02 in additional damages.

Judgment affirmed, with costs to plaintiff.

We find that plaintiff was requested to perform certain services for clients of the defendant law firm, at the request of defendant, because of plaintiff's expertise in a specialized area of the law, and that he rendered the services. An obligation to pay for these services is therefore imposed by operation of law, even in the absence of an agreement or expression of assent by word or act as to the amount of the fee (*see, Bradkin v Leverton,* 26 NY2d 192, 196). Recovery under a theory of quasi contract is not dependent on a promise to pay, and therefore defendant's argument that there was no promise to pay is unpersuasive. Nor can defendant be relieved of this obligation merely because it was the defendant's client who ultimately benefited from the

services performed by plaintiff (*see, Farash v Sykes Datatronics,* 59 NY2d 500, 503).

The amount awarded by Special Term reflects the reasonable value of the services performed by plaintiff. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.