■ LONG ISLAND PEN CORP. et al., Appellants, v SHATSKY METAL STAMPING Co., INC., et al., Respondents.—In an action to recover damages in quasi contract, plaintiffs appeal from an order of the Supreme Court, Nassau County (Murphy, J.), dated April 9, 1984, which (1) granted defendants' motion to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), and (2) denied plaintiffs' cross motion for an order of consolidation.

Order reversed, without costs or disbursements, defendants' motion denied and plaintiffs' cross motion granted.

The complaint alleges that plaintiff Korn and defendant Shatsky entered into an agreement whereby Shatsky agreed to sell his corporations to Korn. The complaint further alleges that pursuant to this unwritten agreement, Shatsky requested that Korn hire consultants, accountants, and an attorney; form a corporation; and negotiate a lease for a new site. Shatsky's subsequent refusal to sell the corporations to plaintiffs after Korn had complied with his requests resulted in an action for fraud, which is still pending, and this action for recovery in quasi contract.

Plaintiffs' failure to allege any actual benefit to defendants as a result of plaintiffs' efforts does not warrant dismissal of the complaint for failure to state a cause of action. Plaintiffs may recover for those efforts which they expended to their detriment at the request of defendant Shatsky (see, Farash v Sykes Datatronics, 59 NY2d 500). Therefore, to the extent that plaintiffs did, in fact, allege that they had suffered detriment in complying with these requests, their pleading, on its face,

spells out a cause of action in quasi contract and should not have been dismissed for failure to state a cause of action (*see, Rovello v Orofino Realty Co.,* 40 NY2d 633; *Foley v D'Agostino,* 21 AD2d 60).

Since there are common questions of law or fact, this action and the pending fraud action should be consolidated (CPLR 602 [a]). Gibbons, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.