■ EBER-NDC, LLC, Respondent, v STAR INDUSTRIES, INC., Appellant. (Action No. 1.) STAR INDUSTRIES, INC., et al., Appellants, v EBER-NDC, LLC, Respondent. (Action No. 2.) [839 NYS2d 650]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered August 15, 2006. The order, insofar as appealed from, denied those parts of the motion of Star Industries, Inc. and Black Prince Distillery, Inc. for summary judgment dismissing the second and third causes of action in action No. 1 and for partial summary judgment on the causes of action for nonpayment for goods sold and delivered in action No. 2 and to dismiss the affirmative defenses with respect to those causes of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the motion for summary judgment dismissing the third cause of action in action No. 1 and dismissing that

cause of action and as modified the order is affirmed without costs.

Memorandum: This appeal comes before us in an unusual procedural posture. The matter was first before us in 2006, on appeal from an order of Supreme Court, Monroe County (Monroe Court), dated September 28, 2005, that, among other things, granted the motion of Eber-NDC, LLC (Eber) to consolidate its action against Star Industries, Inc., which had been commenced in Monroe County (action No. 1), with an action (action No. 2) brought by Star and a related corporation, Black Prince Distillery, Inc. (collectively, Star), against Eber in Supreme Court, Nassau County (Nassau Court). In consolidating the actions, the Monroe Court "incidentally" changed the venue of action No. 2 to Monroe County. On September 29, 2006, this Court reversed the order of consolidation on procedural grounds (*Eber-NDC, LLC v Star Indus., Inc.*, 32 AD3d 1251 [2006]). The record establishes that Eber had entered into an agreement with Star, pursuant to which Eber would be the exclusive distributor of Star's beverages in the metropolitan New York area. Within months of the agreement, Star terminated the relationship. At that time, Eber had a large inventory of Star's products, which Star did not repurchase. Eber commenced action No. 1 against Star seeking, inter alia, damages to recover for its substantial investment in the relationship by expanding its warehouse and its staff. Star commenced action No. 2 seeking, inter alia, to recover for goods that it had delivered to Eber and for which it had not been paid.

By notice of motion dated April 18, 2006, Star moved for summary judgment dismissing the complaint in action No. 1, for partial summary judgment on the third and fourth causes of action in action No. 2, which sought damages for nonpayment for goods sold and delivered, and for partial summary judgment dismissing Eber's affirmative defenses with respect to those causes of action in action No. 2. In August 2006, despite the fact that Star's appeal from the order of consolidation was pending, the Monroe Court granted that part of Star's motion for summary judgment dismissing the first and fourth causes of action in action No. 1 and otherwise denied the motion. Star filed a notice of appeal in the then-consolidated action on September 5, 2006 with respect to that order, and it perfected the appeal as a consolidated matter on November 13, 2006, well after learning that the order of consolidation had been reversed. The Monroe Court's order deciding Star's summary judgment motion is the subject of this appeal.

During oral argument of this appeal on February 23, 2007,

this Court extensively questioned Star's attorney with respect to his choice to perfect the appeal as a consolidated matter despite this Court's earlier reversal of the order of consolidation. We learned from Eber's attorney that, in November 2006, subsequent to this Court's reversal of the order of consolidation, Star had moved in Nassau County for a change of venue of action No. 1 to Nassau County. The Nassau Court denied Star's motion in February 2007, and Star filed a notice of appeal in the Second Department. It is obvious from the fact that Star sought a change of venue that Star recognized that the actions were no longer consolidated. This Court has since obtained documents from the Clerk of the Second Department indicating that the Nassau Court in denying Star's motion actually sent action No. 2 back to Monroe County. We note our strong disapproval of Star's conduct in wasting judicial resources by asserting inconsistent positions in courts of coordinate jurisdiction without informing those courts of the existence of parallel litigation.

We have now been informed that the parties have stipulated to consolidation of the actions in Nassau County, but they nevertheless have asked this Court to decide the merits of this appeal from the Monroe Court's 2006 order determining Star's motion. In the interest of judicial economy, we will address the merits of this appeal.

We conclude that the Monroe Court erred in denying that part of Star's motion for summary judgment dismissing the third cause of action, for promissory estoppel, in action No. 1, but otherwise properly determined the remainder of Star's motion. We therefore modify the order accordingly. We agree with Star that it is entitled to summary judgment dismissing the third cause of action because it established as a matter of law that Eber would not suffer an unconscionable injury in the event that the agreement is not enforced, and such injury is a necessary element of that cause of action (*see e.g. D & N Boening v Kirsch Beverages*, 99 AD2d 522, 523-524 [1984], *affd* 63 NY2d 449 [1984]; *Dunn v B&H Assoc.*, 295 AD2d 396, 397 [2002]; *Melwani v Jain*, 281 AD2d 276 [2001]). It cannot be said that it would be unconscionable to deny recovery to Eber for investing in the expansion of its own warehouse and staff (*see D & N Boening*, 99 AD2d at 523-524; *Steele v Delverde S.R.L.*, 242 AD2d 414, 415 [1997]; *see generally Christian v Christian*, 42 NY2d 63, 71 [1977]).

We conclude that the court properly denied that part of Star's motion for summary judgment dismissing the second cause of action, for unjust enrichment. Contrary to Star's contention, Eber is not required to establish that Star received a benefit as

a result of Eber's performance under the agreement in order to be entitled to recovery on that theory (*see Farash v Sykes Datatronics*, 59 NY2d 500, 504-506 [1983]; *Heller v Kurz*, 228 AD2d 263 [1996]; *cf. Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972], *mot to amend remittitur granted* 31 NY2d 678, 710 [1972], *rearg denied* 31 NY2d 709 [1972], *cert denied* 414 US 829 [1973]). Even assuming, arguendo, that Star met its initial burden by establishing that it made no promises to Eber, we conclude that Eber raised a triable issue of fact whether Star in fact made promises and that part of Eber's expenditures were based on Star's alleged promises (*see e.g. Farash*, 59 NY2d at 504-506).

Finally, in view of our conclusion that Eber has a viable cause of action for unjust enrichment in action No. 1, we conclude that Eber also has a viable affirmative defense of setoff in action No. 2, and thus the court properly denied that part of Star's motion for partial summary judgment on the third and fourth causes of action in action No. 2 and refused to dismiss the affirmative defenses with respect to those causes of action (*see Telmark, Inc. v C & R Farms* [appeal No. 2], 115 AD2d 966 [1985]). Present—Scudder, P.J., Smith, Centra, Fahey and Pine, JJ.