THOMAS P. CORCORAN, Appellant, v GATX CORPORATION et al., Respondents. [852 NYS2d 913]—

Memorandum: Following the sale of substantially all of its as-

sets, defendant GATX Technology Services Corporation (GATX) terminated plaintiff's employment as a sales representative, and plaintiff commenced this action seeking, inter alia, unpaid commissions. Plaintiff moved for partial summary judgment on liability on the first four causes of action, and defendants cross-moved for summary judgment dismissing those causes of action. Supreme Court properly denied plaintiff's motion in its entirety and granted that part of defendants' cross motion with respect to the first cause of action, seeking unpaid commissions based on defendants' breach of contract. Plaintiff was entitled to commissions as a sales representative pursuant to the terms of various Commission Plans (Plans) promulgated by GATX, and those terms did not include the sale of GATX's assets to another corporation. The terms of those Plans are not ambiguous (*see generally Chimart Assoc. v Paul*, 66 NY2d 570, 572-573 [1986]), and there is nothing in the language contained therein to support the contention of plaintiff that he was entitled to commissions based on additional activities.

The court also properly granted that part of defendants' cross motion with respect to the second and third causes of action. The second cause of action, for unjust enrichment, "is grounded in quasi contract and, [w]here a valid and enforceable contract exists governing a particular subject matter, it precludes recovery in quasi contract for events arising out of the same subject matter" (*LaBarte v Seneca Resources Corp.*, 285 AD2d 974, 976 [2001] [internal quotation marks omitted]; *see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388-389 [1987]). Here, plaintiff was entitled to commissions pursuant to the various Plans, and thus the second cause of action is duplicative of the first cause of action, for breach of contract (*see Eagle Comtronics v Pico Prods.*, 256 AD2d 1202, 1202-1203 [1998]), despite the fact that we have determined that plaintiff is not entitled to recover under that cause of action. We note with respect to the third cause of action that plaintiff concedes that it is contingent on the merits of the first cause of action. Because we have determined herein that the court properly granted that part of defendants' cross motion with respect to the first cause of action, it thus follows from plaintiff's concession that the court also properly granted that part of defendants' cross motion with respect to the third cause of action.

We conclude, however, that the court erred in granting that part of defendants' cross motion with respect to the fourth cause of action, alleging a violation of Labor Law § 193, and we therefore modify the order accordingly. Plaintiff alleged that GATX made improper deductions from his past commissions,

and thus the fourth cause of action is not dependent upon or duplicative of his first cause of action, which sought unpaid commissions. We reject defendants' contention that plaintiff is an executive who is not entitled to the protections of article 6 of the Labor Law. Labor Law § 193 (1) prohibits an employer from making any deductions from the wages of "an employee," with certain exceptions that are not relevant here. Labor Law § 190 (2) defines the term employee as "any person employed for hire by an employer in any employment," and plaintiff falls within that definition. Defendants' reliance on Labor Law § 190 (6) is misplaced. That subdivision excludes from the term commission salesman "an employee whose principal activity is of a supervisory, managerial, executive or administrative nature." Labor Law § 193 "applies equally to all employees as defined in section 190 (2), and whether or not plaintiff comes under the definition of 'commission salesman' in section 190 (6) is simply irrelevant" (*Daley v Related Cos.*, 179 AD2d 55, 58 [1992]; *see Tuttle v McQuesten Co.*, 227 AD2d 754, 755-756 [1996]). Finally, the record does not support defendants' further contention that there were no improper deductions from plaintiff's commissions. Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Pine, JJ.