■ PULVER ROOFING COMPANY, INC., Appellant, v SBLM ARCHITECTS, P.C., Respondent. [884 NYS2d 802]—

Appeal from a judgment of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered September 26, 2008. The judgment, insofar as appealed from, granted that part of the motion of defendant seeking dismissal of the amended complaint.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by denying that part of the motion seeking dismissal of the quantum meruit claim and reinstating that claim and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff entered into a contract with the Rome City School District (School District) pursuant to which plaintiff

was to install a roof on a school in accordance with plans provided by defendant architect. The School District was dissatisfied with the roof installed by plaintiff, and the parties and the School District subsequently entered into a settlement agreement whereby plaintiff would perform certain remedial work in exchange for payment from an escrow account. Plaintiff thereafter commenced this action alleging that defendant had requested that plaintiff perform additional work outside the scope of the remedial work set forth in the settlement agreement but failed to pay plaintiff for that additional work, despite having promised to do so. Defendant moved to dismiss the amended complaint for failure to state a cause of action and for the costs of bringing the motion, and Supreme Court granted that part of defendant's motion seeking dismissal of the amended complaint. We note at the outset that, although plaintiff took an appeal from a prior order determining the motion rather than from the subsequent judgment in which that order was subsumed, we exercise our discretion to treat plaintiff's notice of appeal as valid and deem the appeal as taken from the judgment (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988 [1988]; *see also* CPLR 5520 [c]).

We agree with plaintiff that the amended complaint states a valid quantum meruit claim, and we therefore modify the judgment accordingly. The elements of such a claim are the performance of services in good faith, the acceptance of the services by the party for whom they were rendered, the expectation of compensation for those services, and a statement of the reasonable value of the services (*see generally Capital Heat, Inc. v Buchheit*, 46 AD3d 1419, 1420-1421 [2007]; *Precision Founds. v Ives*, 4 AD3d 589, 591 [2004]). Each of those elements is set forth in the amended complaint. We conclude that the court erred in determining that defendant could not accept plaintiff's additional work because that work was rendered for the benefit of the School District rather than defendant. Although the court is correct that the work was in fact rendered for the benefit of the School District, plaintiff is not required to establish that defendant received a benefit in order to recover in quantum meruit (*see Eber-NDC, LLC v Star Indus., Inc.*, 42 AD3d 873, 875-876 [2007]; *Heller v Kurz*, 228 AD2d 263, 264 [1996]). Here, plaintiff allegedly performed the work at defendant's behest, pursuant to an express promise that it would be paid, and plaintiff is entitled to recover "the reasonable value of [its work] whether or not the defendant in any economic sense benefitted from the [work]" (*Farash v Sykes Datatronics*, 59 NY2d 500, 506 [1983]; *see Heller*, 228 AD2d at 264).

Plaintiff's quantum meruit claim is not precluded by the exis-

tence of the settlement agreement. Although generally a contract covering a specified subject matter precludes recovery in quasi contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *Corcoran v GATX Corp.*, 49 AD3d 1174, 1175 [2008], *lv dismissed* 10 NY3d 909 [2008]), the quantum meruit claim in this case may proceed inasmuch as "there is a bona fide dispute" whether the additional work was outside the scope of the Settlement Agreement (*Fisher v A.W. Miller Tech. Sales*, 306 AD2d 829, 832 [2003]; *see Goldman v Simon Prop. Group, Inc.*, 58 AD3d 208, 220 [2008]; *Schwartz v Pierce*, 57 AD3d 1348, 1352-1353 [2008], *lv denied* 12 NY3d 707 [2009]). Present—Martoche, J.P., Smith, Fahey, Carni and Green, JJ.