■ TOM GREENAUER DEVELOPMENT, INC., Respondent, v BURKE BROTHERS CONSTRUCTION, INC., et al., Appellants, et al., Defendants. [902 NYS2d 461]—

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered September 11, 2009 in a breach of contract action. The order, insofar as appealed from, denied the cross motion of defendants Burke Brothers Construction, Inc., David Burke, individually, and Patrick Burke, individually, for, inter alia, summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for, inter alia, the alleged breach of certain contracts between plaintiff and defendant Burke Brothers Construction, Inc. (Burke Brothers). Burke Brothers and defendants David Burke, individually, and Patrick Burke, individually (collectively, individual defendants), cross-moved for, inter alia, summary judgment dismissing the breach of contract cause of action against the individual defendants. Supreme Court properly denied that part of the cross motion. Evidence concerning the relationship between Burke Brothers and the individual defendants is within their exclusive knowledge (*see Denkensohn v Davenport*, 130 AD2d 860, 862 [1987]; *see also Cruceta v Funnel Equities*, 286 AD2d 747 [2001]), and plaintiff is entitled to further discovery to determine whether there are grounds to pierce the corporate veil and whether the individual defendants may be held liable for the alleged breach of certain contracts by Burke Brothers (*see First Bank of Ams. v Motor Car Funding,*

257 AD2d 287, 293-294 [1999]). Further, Burke Brothers and the individual defendants failed to establish their entitlement to judgment as a matter of law dismissing as time-barred that part of the breach of contract cause of action seeking damages in the amount of $53,904.94 for work performed under a contract executed between plaintiff and Burke Brothers in 1994. That part of the breach of contract cause of action accrued upon the alleged breach of that contract (see Matter of Village of Jordan v Memphis Constr. Co., 109 AD2d 1055, 1056 [1985]). The submissions of Burke Brothers and the individual defendants in support of the cross motion raise triable issues of fact whether that breach occurred in 1999 and thus whether the action, commenced in 2004, is timely with respect to that part of the breach of contract cause of action (see CPLR 213 [2]).

The court properly denied that part of the cross motion seeking summary judgment dismissing the causes of action based upon quantum meruit and unjust enrichment. "The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]). Plaintiff, however, alleges that it performed work in addition to that covered by the contract, and thus the quantum meruit and unjust enrichment causes of action "may proceed inasmuch as 'there is a bona fide dispute' whether the additional work was outside the scope of [that contract]" (Pulver Roofing Co., Inc. v SBLM Architects, P.C., 65 AD3d 826, 828 [2009]). Present—Scudder, P.J., Martoche, Fahey, Green and Gorski, JJ.