■ RAYMOND S. HANDVILLE et al., Respondents, v MJP CONTRACTORS, INC., Respondent-Appellant, et al., Defendants. [908 NYS2d 799]—

Appeal and cross appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered June 29, 2009 in a personal injury action. The order, inter alia, denied the motion of plaintiffs for partial summary judgment and the cross motion of defendant MJP Contractors, Inc. for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of plaintiffs' motion for partial summary judgment on liability with respect to the Labor Law § 240 (1) cause of action, by denying the motion of defendant MJP Contractors, Inc. seeking leave to amend its answer, and by granting those parts of the cross motion of that defendant seeking summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action against it, and the Labor Law § 241 (6) cause of action against it insofar as that cause of action is based on the alleged violation of 12 NYCRR 23-1.21 (b) (4) (ii), and dismissing those causes of action to that extent against it, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action to recover damages for injuries allegedly sustained by Raymond S. Handville (plaintiff) when he fell from a ladder scaffold at a construction site. Defendant MJP Contractors, Inc. (MJP) was the general contractor at the site. Supreme Court, in a "bench decision and order" (hereafter, order), denied the motion of plaintiffs for partial summary judgment on liability under Labor Law § 240 (1) and § 241 (6) and granted the motion of MJP seeking leave to amend its answer to include a counterclaim for common-law indemnification "and/ or" contribution. In addition, MJP cross-moved for summary judgment dismissing the complaint against it, and the court granted only that part of the cross motion with respect to the Labor Law § 241 (6) cause of action to the extent that it was based on certain regulations that are not at issue herein. We conclude that the court erred in denying that part of the motion of plaintiffs for partial summary judgment on liability with respect to the Labor Law § 240 (1) cause of action. We further conclude that the court erred in granting the motion of MJP for leave to amend its answer and in denying those parts of the cross motion of MJP for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action against it, as well as the Labor Law § 241 (6) cause of action against it insofar as it is based on the alleged violation of 12

NYCRR 23-1.21 (b) (4) (ii). We therefore modify the order accordingly.

We agree with plaintiffs on their appeal that they met their initial burden on that part of their motion with respect to Labor Law § 240 (1) (*see Cherry v Time Warner, Inc.*, 66 AD3d 233, 236 [2009]), and we reject the contention of MJP that it raised a triable issue of fact whether the actions of plaintiff were the sole proximate cause of his injuries under Labor Law § 240 (1) (*see Ewing v Brunner Intl., Inc.*, 60 AD3d 1323 [2009]; *see generally Gallagher v New York Post*, 14 NY3d 83, 88 [2010]). Although MJP submitted evidence establishing that proper safety equipment, i.e., scaffolding approved by the Occupational Safety and Health Administration and related safety lines, was present at the work site, MJP did not present any evidence establishing that plaintiff had been instructed to use that equipment (*see Ganger v Anthony Cimato/ACP Partnership*, 53 AD3d 1051, 1052-1053 [2008]; *cf. Lovall v Graves Bros., Inc.*, 63 AD3d 1528, 1529 [2009]).

We also agree with plaintiffs on their appeal that the court erred in granting the motion of MJP for leave to amend its answer inasmuch as it is well settled that such leave "should not be granted where, as here, the proposed amendment lacks merit" (*Hodgson, Russ, Andrews, Woods & Goodyear v Isolatek Intl. Corp.*, 300 AD3d 1047, 1048 [2002]). Workers' Compensation Law § 11 provides in relevant part that an employer shall not be liable to any third party for contribution and indemnification for injuries sustained by an employee acting within the scope of his or her employment unless the injured worker had sustained a " 'grave injury,' " and there is no allegation in this case that plaintiff sustained such an injury. We reject the contention of MJP that it may seek contribution and indemnification because plaintiff failed to obtain workers' compensation insurance for himself. Even assuming, arguendo, that plaintiff was a self-employed person who was required pursuant to Workers' Compensation Law § 54 (8) to obtain workers' compensation insurance for persons employed by him, we conclude that there is no requirement in section 54 that he obtain such insurance for himself. Thus, plaintiff is not liable for contribution or indemnification pursuant to Workers' Compensation Law § 11 (*cf. Boles v Dormer Giant, Inc.*, 4 NY3d 235, 239-240 [2005]). Inasmuch as MJP asserts no contractual or other basis for the counterclaim (*cf. Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427, 431-432 [2005]), the proposed amendment is patently without merit.

We agree with MJP on its cross appeal, however, that the

court erred in denying those parts of its cross motion with respect to the Labor Law § 200 and common-law negligence causes of action. MJP "established its entitlement to judgment as a matter of law 'by demonstrating that it did not exercise supervisory control over . . . plaintiff's work[ ] and that it neither created nor had actual or constructive knowledge of the allegedly dangerous condition' " on the premises (*Alnutt v J&E Elec.*, 28 AD3d 1214, 1215 [2006]; *see generally Burkoski v Structure Tone, Inc.*, 40 AD3d 378, 381 [2007]), and plaintiffs failed to raise a triable issue of fact (*see Talbot v Jetview Props., LLC*, 51 AD3d 1396, 1397 [2008]; *cf. Shaheen v Hueber-Breuer Constr. Co.*, 4 AD3d 761, 763 [2004]).

We further agree with MJP on its cross appeal that the court erred in denying that part of its cross motion with respect to the Labor Law § 241 (6) cause of action insofar as it is based on the alleged violation of 12 NYCRR 23-1.21 (b) (4) (ii). That section of the Industrial Code does not apply to this case, in which plaintiff fell from a ladder pick rather than from the rungs of a ladder (*see Evans v Syracuse Model Neighborhood Corp.*, 53 AD3d 1135, 1138 [2008]; *see also Amantia v Barden & Robeson Corp.*, 38 AD3d 1167, 1168-1169 [2007]). Finally, we reject the contention of MJP that the court erred in denying that part of its cross motion with respect to the Labor Law § 241 (6) cause of action insofar as it is based on the alleged violation of 12 NYCRR 23-5.17 (c). There is a triable issue of fact whether the ladder scaffold was "placed, fastened or held, or [was] so equipped with acceptable means as to prevent slipping" (*id.*). Present—Smith, J.P., Peradotto, Lindley, Sconiers and Pine, JJ.