■ THE ONEIDA INDIAN NATION, a Sovereign Nation, Appellant, v HUNT CONSTRUCTION GROUP, INC., Respondent. THE ONEIDA INDIAN NATION, a Sovereign Nation, Third-Party Plaintiff, v BRENNAN BEER GORMAN/ARCHITECTS, LLP, Third-Party Defendant. BRENNAN BEER GORMAN/ARCHITECTS, LLP, Fourth-Party Plaintiff-Respondent, v BERTINO & ASSOCIATES, INC., Fourth-Party Defendant-Appellant, and STEVEN FELLER, P.E., et al., Fourth-Party Defendants-Respondents, et al., Fourth-Party Defendants. [930 NYS2d 729]—

Memorandum: Plaintiff/third-party plaintiff (plaintiff), the owner of Turning Stone Casino & Resort, commenced this action seeking damages resulting from the alleged breach by defendant, Hunt Construction Group, Inc. (Hunt), of its construction contract (contract) with plaintiff. On a prior appeal, we concluded that Supreme Court erred in denying those parts of plaintiff's motion to dismiss the second counterclaim in part and the fourth and fifth counterclaims, and we therefore modified the order accordingly (*Oneida Indian Nation v Hunt Constr. Group, Inc.*, 67 AD3d 1345 [2009]). Plaintiff appeals from that part of an order that denied its motion for partial summary judgment dismissing Hunt's remaining counterclaims to the extent that they seek amounts in excess of the contractual guaranteed maximum price (GMP) as modified by change orders or construction change directives executed pursuant to the terms of the contract. We agree with plaintiff that the court erred in denying its motion, and we therefore modify the order accordingly.

Article 7 of the general conditions of the contract unambiguously provides that Hunt would not be reimbursed for any expense or paid a fee for any work that exceeded the GMP unless that expense or work was authorized either by a change order signed by plaintiff, third-party defendant/fourth-party plaintiff, Brennan Beer Gorman/Architects, LLP (BBG), the project architect, fourth-party defendant Bertino & Associates, Inc. (Bertino), the construction manager, and Hunt or by a Construction Change Directive signed by plaintiff, BBG and Bertino. The conduct of plaintiff and Hunt belies Hunt's contention that plaintiff waived that requirement set forth in article 7 (*cf. Austin v Barber*, 227 AD2d 826, 828 [1996]). Indeed, Hunt continued to seek, and in certain instances was granted, increases to the GMP pursuant to the executed change orders and construction change directives (*see Charles T. Driscoll Masonry Restoration Co., Inc. v County of Ulster*, 40 AD3d 1289, 1292 [2007]). Further, the limited authority granted to Bertino pursuant to the contract to act on behalf of plaintiff cannot be interpreted as authorization for Bertino to bind plaintiff to an increased GMP, inasmuch as such an interpretation would render the majority of article 7 meaningless (*see Diamond Castle Partners IV PRC, L.P. v IAC/InterActiveCorp*, 82 AD3d 421, 422 [2011]).

Bertino also appeals from that part of the order that denied its motion for summary judgment dismissing the fourth-party

complaint against it and the cross claims of the other fourth-party defendants, Bertino's subcontractors on the project. Inasmuch as Bertino's contract with plaintiff expressly requires Bertino to indemnify BBG for any damages resulting from Bertino's acts or omissions for which BBG is found liable, the court properly denied that part of the motion of Bertino with respect to BBG's contractual indemnification claim against it (*see Williams v City of New York*, 74 AD3d 479, 480 [2010]). Finally, Bertino's contention that it is entitled to summary judgment dismissing the common-law indemnification and contribution claims against it is raised for the first time on appeal, and thus that contention is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Centra, J.P., Peradotto, Carni, Green and Gorski, JJ.