# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**58**

**CA 12-01466**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, WHALEN, AND MARTOCHE, JJ.

---

ADONIS CONSTRUCTION, LLC, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BATTLE CONSTRUCTION, INC., DEFENDANT-APPELLANT.

---

GATES & ADAMS, P.C., ROCHESTER (RICHARD T. BELL, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

WOODS OVIATT GILMAN LLP, ROCHESTER (CHRISTIAN N. VALENTINO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered April 25, 2012. The order, insofar as appealed from, denied defendant's motion for partial summary judgment.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted and the second and third causes of action are dismissed.

Memorandum: Defendant appeals from that part of an order denying its motion seeking partial summary judgment dismissing the second and third causes of action, alleging unjust enrichment and quantum meruit, respectively. In those causes of action, plaintiff alleges that it is entitled to compensation for extra work performed outside of the scope of its subcontract with defendant, the prime contractor, for the performance of demolition work. The record supports plaintiff's contention that defendant's superintendent directed it to remove certain walls that were not included in the plans for removal. It is undisputed that the error was discovered at a site meeting several weeks after the walls were removed and that plaintiff was not aware at the time they were removed that the plans showed that those walls were to be left intact. Approximately six weeks after it learned that the walls were removed in error, and following defendant's notice to plaintiff that it would back-charge plaintiff for the cost of replacing the walls, as well as other items, plaintiff submitted a claim to defendant for payment for removing the walls. In that claim, plaintiff also sought payment for extra work related to a concrete floor and the removal of light fixtures.

With respect to the work related to the concrete floor and the light fixtures, we conclude that defendant established its entitlement to judgment dismissing the second and third causes of action insofar as they relate to those claims. The subcontract provided that

plaintiff was bound by the terms of the prime contract, which required approval of extra work before it was commenced "but in no event any later than three days from the event giving rise to the claim." Defendant met its initial burden with respect to those claims, and plaintiff failed to address those claims in opposition to the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We further conclude that defendant is entitled to judgment dismissing the claims in the second and third causes of action insofar as they relate to the removal of the walls. We therefore reverse the order insofar as appealed from and dismiss those causes of action in their entirety. The subcontract also provided that the "Subcontrator shall, within five days of receiving a direction or encountering a condition it regards as a change, alteration or extra work, submit to Contractor a written cost or credit proposal; otherwise Subcontractor shall be bound by such increase or credit as Contractor is able to obtain from Owner. Subcontractor waives any claim against Contractor for compensation or equitable adjustment for any claims, changes or extra work except to the extent the same is allowed and paid to Contractor by the Owner." Where, as here, the " 'parties set down their agreement in a clear, complete document, their writing . . . should be enforced according to its terms' " (*Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475). Inasmuch as the subcontract governs demolition work and requires strict compliance with the notice provision, compliance with that provision is a condition precedent to recovery in an action seeking compensation for extra work (*see A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d 20, 30-31, *rearg denied* 92 NY2d 920; *Rifenburg Constr., Inc. v State of New York*, 90 AD3d 1498, 1498-1499). We conclude that defendant established as a matter of law that plaintiff was obligated to seek compensation for the extra work pursuant to the terms of the contract when it learned that the removal of the walls constituted extra work and that plaintiff failed to do so in a timely manner (*see generally Zuckerman*, 49 NY2d at 561). We further conclude that plaintiff failed to raise an issue of fact whether the removal of the walls was outside the scope of the subcontract inasmuch as the terms of the subcontract "clearly cover[] the dispute between the parties" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389; *cf. Tom Greenauer Dev., Inc. v Burke Bros. Constr., Inc.*, 74 AD3d 1747, 1748), nor did plaintiff raise an issue of fact whether it performed the extra work with the implied or express promise that it would be paid for it over and above the subcontract amount (*cf. Pulver Roofing Co., Inc. v SBLM Architects, P.C.*, 65 AD3d 826, 827).

Entered:  February 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court