█ THE ONEIDA INDIAN NATION, a Sovereign Nation, Appellant, v HUNT CONSTRUCTION GROUP, INC., Respondent. [970 NYS2d 156]—

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered September 11, 2012. The order granted the motion of defendant seeking leave to amend its first amended answer.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Plaintiff appeals from an order that granted the motion of defendant seeking leave to amend its first

amended answer to assert an affirmative defense and a counterclaim, for recoupment. We agree with plaintiff that Supreme Court erred in granting the motion inasmuch as it is well settled that such leave "should not be granted where, as here, the proposed amendment lacks merit" (*Hodgson, Russ, Andrews, Woods & Goodyear v Isolatek Intl. Corp.*, 300 AD2d 1047, 1048 [2002]; *see Handville v MJP Contrs., Inc.*, 77 AD3d 1471, 1473 [2010]). In order for a claim of equitable recoupment to survive, a party must have a "legally subsisting cause of action [or counterclaim] upon which it could maintain an independent claim" (*Telmark, Inc. v C & R Farms* [appeal No. 2], 115 AD2d 966, 967 [1985]; *see generally Eber-NDC, LLC v Star Indus., Inc.*, 42 AD3d 873, 876 [2007]). Here, defendant's recoupment affirmative defense and counterclaim are based upon extra-contractual claims that were dismissed on a prior appeal when asserted as independent causes of action (*Oneida Indian Nation v Hunt Constr. Group, Inc.*, 88 AD3d 1264, 1265 [2011]). Inasmuch as defendant no longer has a cause of action against plaintiff for extra-contractual claims, it cannot now assert a counterclaim or affirmative defense for recoupment based upon the facts and circumstances underlying those claims (*see generally Telmark, Inc.*, 115 AD2d at 966-967).

In light of our determination, we do not reach plaintiff's remaining contentions. Present—Centra, J.P., Fahey, Carni and Sconiers, JJ.