# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

660

CA 12-02218

PRESENT: CENTRA, J.P., FAHEY, CARNI, AND SCONIERS, JJ.

---

THE ONEIDA INDIAN NATION, A SOVEREIGN NATION,
PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

HUNT CONSTRUCTION GROUP, INC.,
DEFENDANT-RESPONDENT.

---

WILLIAMS & CONNOLLY LLP, WASHINGTON, D.C. (DENNIS M. BLACK, OF THE
WASHINGTON, D.C. AND MARYLAND BARS, ADMITTED PRO HAC VICE, OF
COUNSEL), AND MACKENZIE HUGHES LLP, SYRACUSE, FOR PLAINTIFF-APPELLANT.

PILLSBURY WINTHROP SHAW PITTMAN LLP, WASHINGTON, D.C., HANCOCK
ESTABROOK LLP, SYRACUSE (JOHN G. POWERS OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered September 11, 2012.  The order
granted the motion of defendant seeking leave to amend its first
amended answer.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and the motion is
denied.

Memorandum:  Plaintiff appeals from an order that granted the
motion of defendant seeking leave to amend its first amended answer to
assert an affirmative defense and a counterclaim, for recoupment.  We
agree with plaintiff that Supreme Court erred in granting the motion
inasmuch as it is well settled that such leave "should not be granted
where, as here, the proposed amendment lacks merit" (*Hodgson, Russ,
Andrews, Woods & Goodyear v Isolatek Intl. Corp.*, 300 AD2d 1047, 1048;
*see Handville v MJP Contrs., Inc.*, 77 AD3d 1471, 1473).  In order for
a claim of equitable recoupment to survive, a party must have a
"legally subsisting cause of action [or counterclaim] upon which it
could maintain an independent claim" (*Telmark, Inc. v C & R Farms*
[appeal No. 2], 115 AD2d 966, 967; *see generally Eber-NDC, LLC v Star
Indus., Inc.*, 42 AD3d 873, 876).  Here, defendant's recoupment
affirmative defense and counterclaim are based upon extra-contractual
claims that were dismissed on a prior appeal when asserted as
independent causes of action (*Oneida Indian Nation v Hunt Constr.
Group, Inc.*, 88 AD3d 1264, 1265).  Inasmuch as defendant no longer has
a cause of action against plaintiff for extra-contractual claims, it
cannot now assert a counterclaim or affirmative defense for recoupment

based upon the facts and circumstances underlying those claims (*see generally Telmark, Inc.*, 115 AD2d at 966-967).

In light of our determination, we do not reach plaintiff's remaining contentions.