14-953
*KJ Roberts & Co. v. MDC Partners*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand fifteen.

PRESENT:  REENA RAGGI,
    RICHARD C. WESLEY,
    GERARD E. LYNCH,
      *Circuit Judges.*

---

KJ ROBERTS & COMPANY, INC.,

    *Plaintiff-Appellant,*

 -v.-        No. 14-953

MDC PARTNERS, INC.,

    *Defendant-Appellee.*

---

1

FOR APPELLANT:        LISA SOLBAKKEN (Robert Angelillo, *on the brief*),
                      Arkin Solbakken, LLP, New York, NY.

FOR APPELLEE:         INA B. SCHER (Alicia N. Washington, *on the brief*),
                      Davis & Gilbert LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Lorna G. Schofield, District Judge).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant KJ Roberts & Company, Inc. ("Roberts") appeals from the district court's Opinion & Order, dated March 14, 2014, denying its motion for partial summary judgment and granting Defendant-Appellee MDC Partners, Inc.'s ("MDC Partners") motion for summary judgment on Roberts's claims for, *inter alia*, breach of contract, *quantum meruit*, and unjust enrichment.[1]  Roberts also challenges the denial of its motion for discovery sanctions.  We assume the

---

[1] Roberts does not challenge the district court's grant of summary judgment on its claims for promissory estoppel, breach of the duty of good faith and fair dealing, and an accounting.  We therefore deem those claims abandoned.  *See Storey v. Cello Holdings, LLC*, 347 F.3d 370, 380 n.6 (2d Cir. 2003).

parties' familiarity with the underlying facts, procedural history, and issues for review.[2]

Roberts argues that the district court erred when it dismissed its breach of contract claim on the ground that no rational jury could find that a binding contract existed because the parties never agreed to a material term: the method for calculating an incentive payment. Roberts contends that an exchange of emails on January 28, 2010 and a spreadsheet given to Roberts's principal at a February 2, 2010 meeting with MDC Partners's agent together contain the complete agreement between the parties. On a *de novo* review, we agree with the district court that the parties left open a material term for future negotiation—namely the "Adjustments" to be applied in order to calculate the incentive payment—and never agreed on an objective, extrinsic standard for determining the missing term. *See Express Indus. & Terminal Corp. v. New York State Dep't of*

---

[2] We review a district court's grant of a motion for summary judgment *de novo*. *Hermes Int'l v. Lederer de Paris Fifth Ave., Inc.*, 219 F.3d 104, 107 (2d Cir. 2000). We will affirm the district court's grant of summary judgment if, construing the evidence in the light most favorable to the non-moving party, the record shows that no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999). We review a district court's decisions pertaining to discovery for abuse of discretion. *See In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008).

*Transp.*, 93 N.Y.2d 584, 590 (1999).[3] Accordingly, the parties' communications constitute an unenforceable "mere agreement to agree." *Joseph Martin, Jr., Delicatessen, Inc. v. Schumacher*, 52 N.Y.2d 105 (1981).

Roberts contends that the district court erred when it dismissed its *quantum meruit* and unjust enrichment claims. "We may affirm . . . on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993). On a *de novo* review, we find that Roberts's breach of contract claim, seeking the benefit of the bargain of its alleged agreement with MDC Partners, is indistinguishable from its quasi-contract claims. Roberts proffered no evidence to the district court either on the reasonable value of its services or on the equitable need for a bonus beyond the compensation it had already received as remuneration for that value. Roberts cannot recover under a quasi-contract theory "by simply affixing the label 'quantum meruit' to the very contract claim that is barred." *Grappo v. Alitalia Linee Aeree Italiane, S.p.A.*, 56 F.3d 427, 433 (2d Cir. 1995) (citing *Farash v. Sykes Datatronics, Inc.*, 59 N.Y.2d 500, 503

---

[3] In light of this ruling, we need not address the district court's alternative holding that New York's Statute of Frauds barred enforcement of the alleged contract.

(1983)). Accordingly, in the absence of any evidence to sustain Roberts's burden of proving the reasonable value of its services, "the record taken as a whole could not lead a rational trier of fact to find for" Roberts, *Chabad Lubavitch of Litchfield Cnty., Inc. v. Litchfield Historic Dist. Comm'n*, 768 F.3d 183, 192 (2d Cir. 2014) (internal quotation marks omitted), and MDC Partners was entitled to summary judgment on that basis.

Finally, Roberts argues that the district court erred when it denied its motion for sanctions.[4] The district court found that MDC Partners had not acted in bad faith and that Roberts had not demonstrated significant prejudice. On appeal, Roberts does not explain how these findings were clearly erroneous and

---

[4] Contrary to Roberts's contention, the district court never prevented Roberts from filing a formal sanctions motion. *See Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987) ("[A] court has no power to prevent a party from filing pleadings, motions or appeals authorized by the Federal Rules of Civil Procedure."). Rather, the court deemed eleven letters submitted by the parties on sanctions and two related oral arguments to constitute a duly filed motion, which it then denied on the merits. Roberts voiced no objection to this procedure, and we are not inclined to entertain this argument for the first time on appeal, particularly given the absence of any demonstrated prejudice. *See Ridinger v. Dow Jones & Co. Inc.*, 651 F.3d 309, 317 (2d Cir. 2011). In any event, Roberts's argument that the district court's actions violated its right to due process borders on the frivolous. *See Spinelli v. City of New York*, 579 F.3d 160, 170 (2d Cir. 2009) (stating that due process requires notice and opportunity to be heard "at a meaningful time and in a meaningful manner" (internal quotation marks omitted)).

the record does not support such a conclusion.  Thus, we find that the district court did not abuse its discretion.

We have considered Roberts's remaining arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk