*Learning Annex Holdings, et al v. Cashflow Technologies, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of June, two thousand sixteen.

PRESENT:  CHESTER J. STRAUB,
     RICHARD C. WESLEY,
     CHRISTOPHER F. DRONEY,
      *Circuit Judges.*

_____

LEARNING ANNEX HOLDINGS, LLC, LEARNING ANNEX, LLC, LEARNING ANNEX, L.P.,

        *Plaintiffs-Appellants*,

   v.             12-3232

CASHFLOW TECHNOLOGIES, INC.,

        *Defendant-Appellee*,

1

RICH GLOBAL, LLC,

*Defendant*.

_____

FOR APPELLANTS:            EDWIN G. SCHALLERT, (Jarrod L. Schaeffer,
                           Debevoise & Plimpton LLP, New York, NY;
                           Jonathan A. Harris, Harris, O'Brien, St. Laurent &
                           Chaudhry LLP, New York, NY, *on the brief*),
                           Debevoise & Plimpton LLP, New York, NY.

FOR APPELLEE:              ROBERT A. SHULL (Bradley A. Burns, Dickinson
                           Wright PLLC, Phoenix, AZ; Phillip J. Derosier,
                           Dickinson Wright PLLC, Detroit, MI; Mark A.
                           Harmon, Hodgson Russ LLP, New York, NY, *on
                           the brief*), Dickinson Wright PLLC, Phoenix, AZ.

Appeal from the United States District Court from the Southern District of

New York (Scheindlin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the District Court is

**AFFIRMED**.

Plaintiffs-Appellants Learning Annex Holdings, LLC and Learning Annex,

LLC, Learning Annex, L.P. (together, "Learning Annex" or "Plaintiffs") appeal

from the District Court's grant of judgment as a matter of law to Defendant-

Appellee Cashflow Technologies, Inc. ("Cashflow") on the quantum meruit

claim against it.  We assume the parties' familiarity with the underlying facts, the

procedural history, and the issues presented for review, which we reference only

as necessary to explain our decision to affirm.

## BACKGROUND

Plaintiffs brought this action against Defendant Rich Global, LLC ("Rich

Global") and Defendant-Appellee Cashflow in the District Court.  Following the

collapse of the parties' business relationship, Plaintiffs asserted nineteen causes

of action against Rich Global and Cashflow, including claims for unjust

enrichment and quantum meruit.  The case eventually proceeded to trial, and the

District Court charged the jury as to quantum meruit and unjust enrichment,

taking an advisory verdict on unjust enrichment.  Specifically, the District Court

stated that it would:

> [C]harge the jury as to *quantum meruit* . . . and as to the elements of
> unjust enrichment, and will take an advisory verdict on unjust
> enrichment.  If the jury returns a verdict for Learning Annex on the
> quantum meruit claim, I will then determine whether Rich Dad was
> unjustly enriched.  If I determine that Rich Dad was unjustly
> enriched then judgment will be entered for Learning Annex based
> on the jury's verdict [] on damages.

Dist. Ct. Docket 9-cv-04432 (No. 95 at 17). A jury returned a special verdict in favor of Plaintiffs on both claims. The jury awarded $14,688,194.00 to the Plaintiffs on the quantum meruit claim.

The District Court dismissed Learning Annex's unjust enrichment claim. *Learning Annex Holdings, LLC v. Rich Glob., LLC*, No. 09 CIV. 4432(SAS), 2011 WL 3586138, at *1 (S.D.N.Y. Aug. 12, 2011) ("Unjust Enrichment Opinion"). The District Court reasoned that it was permitted to analyze "*quantum meruit* and unjust enrichment together as a single quasi contract claim, or as a single claim for unjust enrichment." *Id.* at *2 (citations and internal quotation marks omitted). The District Court stated that the quantum meruit claim "properly subsumed" Plaintiffs' concurrent unjust enrichment claim, and concluded that it "need not, and should not, separately decide [the unjust enrichment] claim, which should have been analyzed as a single quasi contract claim alongside Plaintiffs' *quantum meruit* claim." *Id.* (alterations and internal quotation marks omitted).

The District Court granted judgment as a matter of law to Cashflow on Plaintiffs' quantum meruit claim, finding that Cashflow did not benefit from Learning Annex's provision of services related to the development of the free seminar business. It was Rich Global—not Cashflow, a separate corporate

entity—that had received approximately $45 million in royalties from the free seminar business by the time of the trial. On that basis, the District Court observed that "it was ultimately Rich Dad [and not Cashflow] that received the benefit of the services Learning Annex provided to expand the free seminar business." *Learning Annex Holdings, LLC v. Rich Glob., LLC*, 860 F. Supp. 2d 237, 249 (S.D.N.Y. 2012) ("Merits Opinion"). It concluded that "[b]ecause the services rendered by Learning Annex for which the jury found defendants liable were performed for the benefit of, and accepted by Rich Global, LLC, not [Cashflow], I grant [Cashflow] judgment as a matter of law on the quantum meruit claim against it." *Id.*

The District Court granted judgment as a matter of law to Rich Global on damages. *Id.* at 247–48. The District Court held that there was insufficient evidence to establish the reasonable value of the services Learning Annex rendered. *Id.* at 245–48. A second trial was conducted between Learning Annex and Rich Global solely for the purposes of considering damages. The jury awarded Learning Annex $15,863,696.00, a figure based on the royalties Rich Global had received at the time of the second trial. Rich Dad moved again for judgment as a matter of law, and the District Court denied that motion in its

entirety.  *See Learning Annex Holdings, LLC v. Rich Glob., LLC*, No. 09 CIV.

4432(SAS_, 2012 WL 2878124, at *7 (S.D.N.Y. July 13, 2012).

Rich Global filed a notice of appeal shortly after the District Court denied

its second motion for judgment as a matter of law.  Approximately one month

later, Rich Global filed a bankruptcy petition in the United States Bankruptcy

Court for the District of Wyoming, and this Court automatically stayed the

appeal.  Pursuant to a settlement agreement which was approved by the

Wyoming bankruptcy court and then affirmed by the district court, the parties

stipulated to dismissal of Rich Global from this matter.  On September 17, 2015,

the stay in this case was lifted.  Learning Annex's claims now proceed only

against Cashflow.

## DISCUSSION

"We review a district court's grant of judgment as a matter of law *de novo,*

applying the same standards as the district court."  *Caceres v. Port Auth. of New*

*York & New Jersey*, 631 F.3d 620, 622 (2d Cir. 2011).  Judgment as a matter of law

is appropriate when "a party has been fully heard on an issue" and "a reasonable

jury would not have a legally sufficient evidentiary basis to find for the party on

that issue."  Fed. R. Civ. P. 50(a)(1).  "In our review, we consider the evidence in

6

the light most favorable to the party against whom the motion was made and give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence." *Caceres*, 631 F.3d at 622 (internal quotation marks omitted).

Learning Annex principally argues that the District Court erred in granting judgment as a matter of law to Cashflow because, under New York law, a "'plaintiff is not required to establish the defendant received a benefit in order to recover in quantum meruit.'" Appellants Br. 24–25 (quoting *Pulver Roofing Co. v. SBLM Architects*, 65 A.D.3d 826, 827 (App. Div. 2009)). Cashflow responds that the District Court properly granted judgment as a matter of law on Learning Annex's quantum meruit claim because Cashflow did not benefit from Learning Annex's services. Appellee Br. 18–29.

"In order to recover in quantum meruit under New York law, a claimant must establish (1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) ("*Mid-Hudson*"). Learning Annex correctly notes that plaintiffs asserting a

quantum meruit cause of action are not universally required to show that the defendant benefitted from their services. This principle finds support in *Farash v. Sykes Datatronics*, where the New York Court of Appeals considered a landlord's quantum meruit claim against its tenant. 59 N.Y.2d 500, 503 (1983). In *Farash*, the landlord completed various renovations and modifications to a building on an expedited basis in reliance of the tenant's representations, and sought to recover the value of the work conferred in quantum meruit. *Id.* Though the tenant "never signed any contract and never occupied the building," the court held that the landlord could recover in quantum meruit "for those expenditures he made in reliance on defendant's representations and that he otherwise would not have made." *Id.* at 504. The court clarified that "an injured party who has not conferred a benefit . . . may have an action for damages, including one for recovery based on reliance." *Id.* (internal quotation marks omitted).

*Farash* is not this case. Learning Annex did not seek, and the jury did not award, quantum meruit based on its reliance on Cashflow's representations. Rather, Learning Annex argued that it was entitled to quantum meruit based on the benefit that it claimed Rich Global obtained as a result of its services. *See, e.g.*, App'x 1386–87 (testimony from Learning Annex CEO William Zanker

8

("Zanker") that his services resulted in royalties to Robert Kiyosaki); App'x 1477 (testimony from Robert Kiyosaki that he received royalties from Rich Global from the free seminar business ultimately developed); App'x 1482 (Learning Annex arguing that Zanker's services resulted in benefit to the Rich Dad brand in the form of $450 million in royalties). Accordingly, the District Court did not err in dismissing Learning Annex's quantum meruit claim against Cashflow on the grounds that it did not benefit from the relevant services rendered by Learning Annex.

We have considered all of Learning's Annex's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk